## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROYAL BANK AMERICA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES E. KIRKPATRICK** | : | **NO. 11-1058** |

---

| | | |
|---|---|---|
| **JAMES E. KIRKPATRICK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **ROYAL BANK AMERICA** | : | **NO. 11-1112** |

### <u>MEMORANDUM OPINION</u>

**Savage, J.**                                   **September 29, 2011**

In this consolidated action, we must decide whether we have subject matter jurisdiction to review an arbitrator's award in a dispute arising out of an employment contract.  The parties had agreed that all disputes would be submitted to arbitration. They do not disagree that arbitration was mandated by the contract.  They disagree whether a federal court may review the award.

James E. Kirkpatrick and his former employer, Royal Bank America ("Royal Bank"), have filed cross-motions for summary judgment.  Royal Bank argues that we must vacate the arbitration award because the arbitrator granted it in "manifest disregard" of federal law.  Kirkpatrick counters that the federal court lacks subject matter jurisdiction of the controversy, requiring remand to state court.

We conclude that we lack subject matter jurisdiction, and, even if we did not, that the arbitrator's award was not issued in manifest disregard of federal law.  We shall

remand Kirkpatrick's action to confirm the arbitration award to state court and dismiss Royal Bank's petition to vacate the award.[1]

## Background

On October 6, 2008, Kirkpatrick signed a two-year employment agreement to become Royal Bank's executive vice president and chief lending officer.  The employment agreement provided that Royal Bank could terminate Kirkpatrick without cause "upon giving written notice of such termination . . . at least ninety (90) days prior to the date upon which such termination shall take effect."   The agreement further stated that if Royal Bank exercised the termination provision it would pay Kirkpatrick "any earned or unpaid salary accrued through the effective date of termination" and "any benefits which may be due . . . on the date of termination," among other benefits.

Pursuant to an arbitration provision in the employment agreement, the parties agreed to arbitrate disputes arising out of the agreement.  They agreed that "[t]he decision of the arbitrator, absent fraud, duress, incompetence or gross and obvious error of fact, shall be final and binding upon the parties and shall be enforceable in courts of proper jurisdiction."

On February 20, 2009, Royal Bank began participating in the Troubled Assets Relief Program ("TARP").[2]  As a condition to participate in TARP, Royal Bank agreed to "prohibit

---

[1] Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  At a pretrial conference, the parties agreed that the material facts are not in dispute.  Because the action may be decided as a matter of law, we ordered the parties to file cross-motions for summary judgment.

[2] TARP was established by the Treasury Secretary pursuant to authority granted by the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. § 5201 et seq.

any golden parachute payment" to a senior executive officer during its participation in the program.  31 C.F.R. § 30.9 (2011).  To ensure compliance with that condition, Royal Bank had Kirkpatrick sign a waiver of his right to bring a claim against Royal Bank "for any changes to [his] compensation or benefits that are required to comply with [TARP]."  By signing the agreement, Kirkpatrick acknowledged that Royal Bank was prohibited from making "golden parachute payments."

On February 4, 2010, Royal Bank asked Kirkpatrick to resign.[3]  Kirkpatrick refused. Royal Bank terminated Kirkpatrick's employment eight days later, on February 12, 2010, effective immediately.

On April 15, 2010, Kirkpatrick filed a demand for binding arbitration, claiming that Royal Bank breached the employment agreement by failing to give him 90 days notice of his termination.  He sought compensation for the 90-day period that he claims should have been given.

During the arbitration proceeding, Royal Bank filed a motion for summary judgment. It contended that Kirkpatrick was not entitled to post-termination compensation because it would be an impermissible "golden parachute payment" under TARP.  TARP regulations defined a "golden parachute payment" as "any payment for the departure from a TARP recipient for any reason . . . *except for payments for services performed or benefits accrued*."  31 C.F.R. § 30.1 (emphasis added).  The arbitrator denied Royal Bank's motion, concluding that payment of 90-days' wages was a "payment for services performed or benefits accrued," and not a prohibited "golden parachute payment."  On January 18, 2011,

_____

[3] The parties appear to disagree on whether Royal Bank had cause to terminate Kirkpatrick. However, Royal Bank does not contest the arbitrator's decision to apply the no-cause termination provision to this dispute.

the arbitrator found in favor of Kirkpatrick and awarded him $48,329.00, the amount he would have received during the 90-day notice period.

On January 27, 2011, Kirkpatrick filed a petition to confirm the arbitration award in the Berks County Court of Common Pleas.  Royal Bank removed the action to federal court, contending that the arbitrator's decision was made in manifest disregard of TARP. On February 11, 2011, Royal Bank filed an action in this court to vacate the award.  The two cases were consolidated for disposition.

## Discussion

The threshold issue is whether we have subject matter jurisdiction over either of the two actions.  Because the parties do not assert diversity jurisdiction, only federal question jurisdiction is at issue.  Pursuant to the "well-pleaded complaint rule," federal question jurisdiction exists only where the plaintiff's stated cause of action arises from or is grounded upon federal law. *Vaden v. Discover Bank*, 129 S.Ct. 1262, 1272 (2009)(quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).[4]  Federal jurisdiction cannot be based on an actual or anticipated defense or counterclaim.  *See Vaden*, 129 S.Ct. at 1262.  Even a completely federally preempted counterclaim does not provide federal jurisdiction.  *Id.* at 1276.

The well-pleaded complaint rule applies to a motion to confirm or vacate an arbitration award.  *See  V.I. Hous. Auth. v. Costal Gen. Constr. Servs. Corp*, 27 F.3d 911,

---

[4] The "well-pleaded complaint rule" is a judicial interpretation of 28 U.S.C. § 1331, which vests in federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  *See Vaden*, 129 S.Ct. at 1272.

915 (3d Cir. 1994).  Accordingly, we look to the motions filed here to determine the basis for jurisdiction.  *Id.*

### Removal of Kirkpatrick's Action to Confirm the Award

Kirkpatrick argues that his state court action to confirm the arbitration award must be remanded for lack of subject matter jurisdiction.  Royal Bank counters that subject matter jurisdiction exists because a substantial issue of federal law has been raised by the arbitrator's decision.  It argues that the decision was rendered in "manifest disregard" of federal banking regulations, specifically the TARP prohibition against "golden parachute payments."

Kirkpatrick's petition to confirm the award raises only state law claims.  It does not raise a federal question.  *See Fox v. Faust*, 239 F. App'x 715, 717 (3d Cir. 2007)(holding that no subject matter jurisdiction existed where a petition failed to state any federal claims (citing *V.I. Hous. Auth.*, 27 F.3d at 915)).  The TARP regulation is asserted as a defense by Royal Bank.  A defense implicating federal law does not supply federal question jurisdiction.  Only the complaint can provide the basis for subject matter jurisdiction.  Here, the controversy, as framed by Kirkpatrick's petition, is a dispute controlled by state–not federal–law concerning employment contracts.[5]  Because this court lacks federal question

---

[5] The "look-through" doctrine also does not supply this court with federal question jurisdiction. The Supreme Court in *Vaden* held that federal courts should "look through" § 4 petitions to compel arbitration and assert jurisdiction where the federal court would have had jurisdiction over the entire controversy had it been brought in federal court.  129 S.Ct. at 1273.  However, the Court's holding rested on language specific to § 4 that does not appear in §§ 9 and 10.  *See Fox*, 239 F. App'x at 717, n. 2 (holding that the "look-through" doctrine applicable to § 4 does not apply to §§ 9 and 10 petitions because of the differences in statutory language).  Additionally, this court would not have had jurisdiction over the whole controversy because the original dispute between the parties was a state law contract dispute.  *See Vaden*, 129 S.Ct. at 1275-76 (holding that the district court did not have jurisdiction over the petition

jurisdiction over Kirkpatrick's action, removal to federal court was improper.[6]

### Royal Bank's Petition to Vacate the Award

Royal Bank argues that there is federal question jurisdiction of its petition to vacate the award because the arbitrator's award was in "manifest disregard" of TARP. We do not agree.

The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et. seq.* (2006), provides a "body of federal substantive law" governing arbitration agreements in contracts "involving commerce." *Vaden*, 129 S.Ct. at 1271 (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984)). Section 10 of the FAA lists four grounds for vacating an arbitrator's decision. 9 U.S.C. § 10(a)(1)-(4).

Unlike most federal laws, the FAA alone does not supply federal subject matter jurisdiction. *Vaden*, 129 S.Ct. at 1271 ("[T]he [FAA] is something of an anomaly in the realm of federal legislation: It bestows no federal jurisdiction but rather requires for access to a federal forum an independent basis over the parties' dispute." (quoting *Hall Street Assocs. v. Mattel, Inc.*, 128 S.Ct. 1396, 1402 (2008)(internal quotations and alterations omitted))); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32 (1983). Thus, a party seeking to vacate an arbitration award in federal court must demonstrate that some provision of federal law independent of the FAA presents the court

---

because the original dispute between the parties was a state-law dispute about delinquent credit card debt).

[6] Under 28 U.S.C. § 1441, removal is only proper if a case originally could have been brought in federal courts. *See V.I. Hous. Auth.*, 27 F.3d at 915 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 461 U.S. 1, 27-28 (1983)).

with subject matter jurisdiction.[7]  *Vaden*, 129 S.Ct. at 1271.

Prior to the Supreme Court's decision in *Hall Street*, some courts held that an unenumerated, judicially created ground for vacatur under the FAA–that the arbitrator rendered the award in "manifest disregard' of federal law–provided an exception to the general rule that the FAA does not alone provide subject matter jurisdiction.  *See, e.g., Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 27 (2d Cir. 2000).  These courts held that a claim that the arbitrator manifestly disregarded federal law "so immerses the federal court in questions of federal law and their proper application that federal question subject matter jurisdiction is present."  *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 836 (9th Cir. 2004)(quoting *Luong v. Circuit City Stores*, 368 F.3d 1109, 1112 (9th Cir. 2004)); *see also Greenberg,* 220 F.3d at 26.

The Supreme Court's decision in *Hall Street* has called into doubt whether "manifest disregard" remains a valid ground for vacating an arbitration award.  The Court clarified, without holding, that "manifest disregard for the law" is not an additional ground for vacating an arbitration award to those enumerated in § 10 of the FAA.  552 U.S. at 584-85. After explaining that courts' use of the term was a collective characterization of the exclusive § 10 grounds or a "shorthand" reference to § 10(a)(3) or (a)(4), it emphasized that it does not invite general judicial review of an arbitrator's legal error.  *Id.* at 585.  In a later decision, the Court noted that it was not deciding whether "manifest disregard" is an

---

[7] Because parties must assert a basis for subject matter jurisdiction independent of the FAA, petitions to confirm or vacate an arbitration award pursuant to the FAA are often brought to federal court by way of diversity jurisdiction under 28 U.S.C. § 1332(a).  *See, e.g., Trs. of Gen. Assembly of Church of Lord Jesus Christ of the Apostolic Faith v. Patterson*, 300 F. App'x 170, 172 (3d Cir. 2008); *HSM Constr. Servs., Inc. v. MDC Sys., Inc.*, 239 F. App'x 748, 749 (3d Cir. 2007); *Roadway Package Sys., Inc. v. Kayser*, 257 F.3d 287, 291, n. 2 (3d Cir. 2001), *abrogated* on other grounds by *Hall Street*, 128 S.Ct. 1396.

independent ground for vacatur under § 10.  *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758, 1767, n. 3 (2010).  Following *Hall Street* and *Stolt-Nielsen*, a circuit split emerged on whether "manifest disregard" remains a valid ground for vacatur.  The Third Circuit has yet to rule on that question.  *See Paul Green Sch. of Rock Music Franchising L.L.C. v. Smith*, 389 F. App'x 172, 176-77 (3d Cir. 2010)("In the wake of *Hall Street*, a circuit split has emerged regarding whether manifest disregard of the law remains a valid ground for vacatur.  This court has not yet entered that debate.").  We conclude that given the observation of the *Hall Street* Court, manifest disregard is not an independent basis for vacating an arbitration award.[8]

It is not necessary for us to decide whether manifest disregard of the law is still a viable ground for vacating an arbitration award.[9]  Even if the doctrine is alive, Royal Bank has not shown that the arbitrator manifestly disregarded federal law.

Royal Bank  "bears the burden of proving that the arbitrator[] [was] fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it."  *Black Box Corp. v. Markham*, 127 F. App'x 22, 25 (3d Cir. 2005)(quoting *Duferco Int'l Steel Trading v. T. Klavness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003));

---

[8] We reached this conclusion in our previous decision in *Brown v. Pulte Home Corp.*, No. 10-mc-201, 2011 WL 570094, at *2, n. 1 (E.D. Pa. Feb. 14, 2011)(Savage, J.).

[9] Subject matter jurisdiction was not at issue in *Hall Street* or *Stolt-Nielsen*.  Therefore, even if the "manifest disregard" doctrine is not an independent basis for vacatur, it remains unclear whether the doctrine still provides subject matter jurisdiction because it presents a substantial issue of federal law. *See Carter*, 374 F.3d at 836.  It may seem logical that if the substantive and jurisdictional components of the doctrine live together then they would die together.  However, if a litigant asserts that an arbitrator committed misconduct under § 10(a)(3) or exceeded her powers under § 10(a)(4) by consciously disregarding a settled federal law, a court might assert federal question jurisdiction because the claim arguably asserts a substantial issue of federal law.  We need not resolve this question because Royal Bank has failed to establish subject matter jurisdiction even if the "manifest disregard" doctrine remains unchanged.

see also Paul Green School of Rock, 389 F. App'x at 177; Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2004).  The "manifest disregard" doctrine "is to be used only in those exceedingly rare circumstances where some egregious impropriety on the part of the arbitrators is apparent."  Black Box Corp., 127 F. App'x at 25 (quoting Duferco Int'l, 333 F.3d at 389)(internal alterations omitted).  The alleged disregard "must appear clearly in the record of the arbitration, and there must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it."  See Biscanin, 407 F.3d at 907 (quoting Lincoln Nat'l Life Ins. Co. v. Payne, 374 F.3d 672, 674-75 (8th Cir. 2004)(internal quotations omitted)).[10]

Royal Bank has not demonstrated that the arbitrator manifestly disregarded federal

---

[10] Some courts, including district courts in the Third Circuit, have not required a petitioner to assert that the arbitrator consciously disregarded a settled principle of federal law to establish subject matter jurisdiction.  These courts have required the petitioner only to assert in good faith that the arbitrator manifestly disregarded federal law.  See, e.g., Greenberg, 220 F.3d at 28; Louis J. Kennedy Trucking Co. v. Teamsters Local Union No. 701, No. 05-6005, 2007 WL 2705161, at *7 (D.N.J. Sept. 17, 2007); Smith v. PSI Servs. II, Inc., No. 97-6749, 2001 WL 41122, at *1 (E.D. Pa. Jan. 12, 2001).  However, these courts still require the petitioner to show that the arbitrator consciously disregarded a settled principle of federal law on the merits to justify vacatur.  See, e.g., Greenberg, 220 F.3d at 28 (granting jurisdiction based on a claim of "manifest disregard" but denying a petition to vacate because the petitioner could not show a conscious disregard of federal law).  Thus, because we hold that Royal Bank has not asserted that the arbitrator consciously disregarded a settled principle of federal law, we conclude that Royal Bank fails to justify vacatur even if we followed these courts in requiring a lesser showing to establish jurisdiction.

We follow the approach of the courts that have required petitioners to assert all elements of the "manifest disregard" doctrine to establish jurisdiction.  See, e.g., Biscanin, 407 F.3d at 907.  The purpose of the "manifest disregard" doctrine's jurisdictional component is to allow federal courts to hear FAA claims in the exceptional cases where a substantial federal issue is presented. See Carter, 374 F.3d at 836.  FAA claims otherwise are properly adjudicated in state courts (or federal courts exercising diversity jurisdiction).  State courts are competent to hear federal law claims, see Haywood v. Drown, 129 S.Ct. 2108, 2120-21(citing Tafflin v. Levitt, 493 U.S. 455, 458-59 (1990)), and Congress gave "state courts . . . a prominent role to play as enforcers of agreements to arbitrate" given the FAA's lack of a subject matter jurisdiction provision.  Vaden, 129 S.Ct. at 1272 (citing Southland Corp. v. Keating, 465 U.S. 1, 10 (1984)).  The substantiality requirement is meaningless if petitioners can invoke federal jurisdiction merely by baldly asserting that an arbitration award disregards federal law.  See Biscanin, 407 F.3d at 907 ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." (citing Hagans v. Lavine, 415 U.S. 528, 537-38 (1974))).  Federalism and comity respect the competency of state courts to decide issues implicating federal law.  Accordingly, federal courts should exercise jurisdiction only where the arbitrator grants an award based on an egregiously and clearly incorrect interpretation of federal law.

law.  At best, Royal Bank asserts a disagreement with the arbitrator's reasonable legal holding.  Royal Bank points to no evidence outside its disagreement with the arbitrator's conclusion to suggest that the arbitrator disregarded federal law.  It cites no clearly defined legal standard governing TARP's definition of a "golden parachute."  Nor does it offer any evidence that the arbitrator consciously disregarded any such standard.  Rather, Royal Bank cites selected TARP regulations and asserts that TARP forbids it from making "any payment for the departure from a TARP recipient *for any reason*."  However, as Royal Bank later concedes, this provision excepts "payments for services performed or benefits accrued."  The arbitrator ruled that the payments to Kirkpatrick fell under this exception. Royal Bank may disagree with this characterization**,** but it cannot assert that its own reading of the provisions constitutes a clear principle of federal law that the arbitrator consciously disregarded.

Royal Bank agreed to arbitrate "all disputes, disagreements and questions of interpretation" related to its employment contract with Kirkpatrick.  As part of this contract, Royal Bank and Kirkpatrick agreed that the arbitrator would be bound by "the substantive law applicable to [the] [a]greement."  Pursuant to this provision, the arbitrator considered the terms of the employment contract and the provisions of TARP that Royal Bank claimed forbid payments to Kirkpatrick.  The arbitrator then made the reasonable judgment that because the contract granted Kirkpatrick a 90-day notice of termination, his payment during that period was for "services performed or benefits accrued," not a "golden parachute," under TARP.  *See Tanoma Mining Co. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 747 (3d Cir. 1990)(holding that because "the parties have bargained for the arbitrator's decision, it is the arbitrator's view of the facts and of the meaning of the

10

contract that they have agreed to accept" (quoting *United Paperworkers Int'l Union v. Misco. Inc.*, 484 U.S. 29, 37-38 (1987))).   We conclude that the arbitrator did not disregard the law.  On the contrary, she applied it as she reasonably interpreted it.

Whether the arbitrator's award is correct is not for us to decide.  A court's role is not to correct factual or legal errors made by an arbitrator.  *See Major League Umpires Ass'n v. Am. League of Prof'l Baseball Clubs*, 357 F.3d 272, 280 (3d Cir. 2004)(citing *Tanoma Mining*, 896 F.2d at 747).  "[T]he possibility of receiving inconsistent or incorrect rulings without meaningful appellate review of the merits is one of the risks such parties must accept when they choose arbitration over litigation."  *Id*. at 289.  Even a questionable award must be confirmed unless it falls outside the broad discretion granted to the arbitrator.  *Id.*

Accordingly, we shall dismiss Royal Bank's petition to vacate the arbitration award and remand Kirkpatrick's petition to confirm.

### *Kirkpatrick's Request for Fees Under § 1447(c)*

Kirkpatrick seeks, pursuant to 28 U.S.C. § 1447(c),  the imposition of costs and expenses incurred in opposing Royal Bank's removal of his petition to confirm the arbitration award.   "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  District courts have broad discretion to consider the circumstances of each case, but should exercise that discretion in light of the objectives of § 1447(c)–to discourage  the use of removals as a

means of prolonging litigation and imposing costs on the plaintiff while generally allowing litigants the right of removal.  *Id.* at 140-41.

There is no evidence that Royal Bank sought removal as a means of prolonging the litigation or imposing costs on Kirkpatrick.   It found itself in a hard place with TARP regulators looking at it from one end and the arbitrator at the other.  It was trying to protect itself from potential liability for violating TARP.  Therefore, finding that Royal Bank acted in good faith, we shall deny the request for fees.